Entered on Docket
July 03, 2017
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
MAY 31 2017
SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. NC-16-1180-BTaF |
| MARIANNE PRETSCHER-JOHNSON, | Bk. No. 16-50083 |
| Debtor. | Adv. No. 16-05015 |
| MARIANNE PRETSCHER-JOHNSON, | |
| Appellant, | |
| v. | AMENDED MEMORANDUM[1] |
| AURORA BANK, FSB; AURORA LOAN SERVICES, LLC; NATIONSTAR MORTGAGE, LLC; QUALITY LOAN SERVICE CORPORATION; SCME MORTGAGE BANKERS, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., | |
| Appellees. | |

Submitted Without Oral Argument[2]
on February 23, 2017

Filed – May 31, 2017

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Stephen L. Johnson, Bankruptcy Judge, Presiding

Appearances: Appellant Marianne Pretscher-Johnson pro se on

---

[1] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, it has no precedential value. See 9th Cir. BAP Rule 8024-1.

[2] On December 2, 2016, the Panel unanimously determined this appeal was suitable for submission without oral argument. Rule 8019(b)(3). Appellees have not appeared.

brief.

Before: BRAND, TAYLOR and FARIS, Bankruptcy Judges.

Chapter 7[3] debtor Marianne Pretscher-Johnson ("Debtor") appeals an order dismissing her adversary proceeding against Aurora Bank, FSB ("Aurora Bank"), Aurora Loan Services, LLC, Nationstar Mortgage, LLC ("Nationstar"), Quality Loan Service Corporation ("Quality"), SCME Mortgage Bankers, Inc. ("SCME") and the Mortgage Electronic Registration System (collectively, "Defendants") for lack of subject matter jurisdiction or, alternatively, on the basis of permissive abstention.[4] Although the bankruptcy court erred by applying an incorrect legal standard, such error was harmless because Debtor lacked standing to prosecute the adversary proceeding. Thus, dismissal was proper. We AFFIRM.[5]

---

[3] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.

[4] We recognize that the dismissal order on appeal may not be considered a sufficiently separate judgment under Rule 7058. See Stephens v. Gomez (In re Gomez), 2016 WL 6561283, at *1 (9th Cir. Nov. 4, 2016). However, because 150 days have run from entry of the order, it is a final order.

[5] Because Debtor failed to provide a proper excerpt of record and no appellee has appeared, we took the liberty of viewing the bankruptcy court's electronic docket and take judicial notice of the necessary documents relevant to this appeal. See Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003) (citing O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.), 887 F.2d 955, 957-58 (9th Cir. 1989)).

-2-

Case: 16-05015   Doc# 39   Filed: 05/31/17   Entered: 07/03/17 17:37:46   Page 2 of 13

# I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

## A. Events prior to Debtor's chapter 7 bankruptcy case and related adversary proceeding

In June 2007, Debtor obtained a $435,000 loan from SCME. Debtor admits to receiving the funds and purchasing a home in Aptos, California (the "Property") with those funds.

The role of each Defendant respecting the Property is not entirely clear, but we do know that: Debtor defaulted on the loan in or about February 2011; Aurora Bank as servicer substituted Quality as trustee under the deed of trust in June 2012; Quality recorded a notice of default and notice of trustee's sale in July and October 2012, respectively; the Property was sold at a trustee's sale on December 27, 2012; Nationstar was the successful bidder; and a trustee's deed upon sale was recorded on January 7, 2013.

In 2012, Debtor sued Defendants in federal district court for "Quiet Title" of the Property. That court dismissed Debtor's complaint for lack of subject matter jurisdiction.

On the same day the federal case was dismissed, Debtor sued Defendants in state court for three causes of action with respect to the Property: quiet title, unjust enrichment and fraud. Debtor alleged that, because SCME did not lend her real money but rather "counterfeit currency" created through the use of "Fractional Reserve Banking" and because SCME had destroyed the note sometime between July and August 2007, her obligation to repay the loan was forgiven, and all previous payments had to be refunded. In addition, because the note had been destroyed prior to the trustee's sale, Debtor argued that the foreclosure sale was

Case: 16-05015    Doc# 39    Filed: 05/31/17    Entered: 07/03/17 17:37:46    Page 3 of 13

void, as none of the Defendants could have been the holder of a non-existent note.

On Defendants' demurrer, the state court dismissed Debtor's action with prejudice on October 28, 2014. Debtor appealed to the California Court of Appeal, Case No. H041677. The record does not reveal the outcome of that appeal.

Thereafter, Nationstar filed an unlawful detainer action. Shortly before the scheduled trial, Debtor filed a chapter 13 bankruptcy case on August 5, 2015. Nationstar promptly moved for relief from the automatic stay to continue with the unlawful detainer action and gain possession of the Property, which the bankruptcy court granted on October 1, 2015.

Debtor's chapter 13 case was dismissed on October 2, 2015, for failure to make plan payments. That same day, Debtor filed an adversary proceeding against Defendants, alleging the same claims she raised previously in the state court action dismissed with prejudice.

Defendants moved to dismiss the adversary proceeding. Debtor did not oppose the motion or appear at the hearing. The bankruptcy court determined that, even though it had "related to" jurisdiction over Debtor's non-core complaint involving exclusively state law claims, it would decline to retain jurisdiction in favor of the matter being heard in state court, citing Linkway Investment Co. v. Olsen (In re Casamont Investors, Inc.), 196 B.R. 517 (9th Cir. BAP 1996). Debtor did not appeal the dismissal order.

Case: 16-05015    Doc# 39    Filed: 05/31/17    Entered: 07/03/17 17:37:46    Page 4 of 13

B.  **Debtor's chapter 7 bankruptcy case and related adversary proceeding**

Debtor filed her chapter 7 bankruptcy case on January 11, 2016. The case was assigned to the Hon. Stephen L. Johnson, who had presided over Debtor's recently dismissed chapter 13 case and the dismissed adversary proceeding against Defendants. Although Debtor lost the Property to foreclosure four years earlier, she claimed an interest in it valued at $480,000. Debtor did not schedule her prepetition causes of action against Defendants or claim them exempt. In her Statement of Financial Affairs, Debtor disclosed the appeal of a "Quiet Title" action against "Aurora Bank, FSB et al."

On February 18, 2016, Debtor filed the instant adversary proceeding against Defendants. The complaint is virtually identical to the one she filed in the state court action (dismissed with prejudice and appealed) and in the former dismissed adversary proceeding. Debtor contended that, once the Property was returned to her bankruptcy estate, she would work with the trustee to sell it and use the funds to pay creditors.

The trustee thereafter filed a "no-asset" report, indicating that no assets were available for distribution to creditors.

The bankruptcy court then held a status conference in the adversary proceeding; only Debtor appeared. The court discussed Debtor's improper service of the complaint on Defendants and commented that her suit probably belonged in state court. The court assumed that the trustee was aware of Debtor's claims against Defendants and must have believed they had no value for the estate based on her no-asset report. The court announced that

Case: 16-05015   Doc# 39   Filed: 05/31/17   Entered: 07/03/17 17:37:46   Page 5 of 13

it would file a show cause order regarding whether Debtor's claims should remain before the bankruptcy court or be sent to the state court.

On May 3, 2016, the bankruptcy court issued an order to show cause why the adversary proceeding should not be dismissed on the basis of abstention. The court noted in the OSC that Debtor had not scheduled her claims against Defendants. Debtor's response was due May 31, 2016.

Meanwhile, the bankruptcy court entered a Discharge of Debtor and Final Decree on May 16, 2016 ("Final Decree"). Debtor's case was closed on May 17, 2016. That same day, Debtor filed an amended Schedule A/B listing the claims against Defendants: "Damages against defendant of case #16-5015 filed in this court." Debtor never filed an amended Schedule C to assert an exemption for the claims.

In opposition to the OSC, Debtor contended the adversary proceeding was a "core" proceeding that both "arose under" title 11 and was "related to" her chapter 7 bankruptcy case. She further contended that abstention did not apply because no party had filed a timely motion requesting such relief.

Without a hearing, the bankruptcy court entered an order dismissing the adversary proceeding for lack of subject matter jurisdiction or, alternatively, on the basis of permissive abstention. Debtor timely appealed.

## II. JURISDICTION

Subject to the standing discussion set forth below, the bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

-6-

Case: 16-05015  Doc# 39  Filed: 05/31/17  Entered: 07/03/17 17:37:46  Page 6 of 13

## III. ISSUE

Did the bankruptcy court err in dismissing Debtor's adversary complaint for lack of subject matter jurisdiction or, alternatively, on the basis of permissive abstention?

## IV. STANDARDS OF REVIEW

Standing is an issue of law we review de novo. Palmdale Hills Prop., LLC v. Lehman Comm. Paper, Inc. (In re Palmdale Hills Prop., LLC), 654 F.3d 868, 873 (9th Cir. 2011) ("standing is a necessary component of subject matter jurisdiction.").

We review the bankruptcy court's sua sponte dismissal of an action for an abuse of discretion. Snell v. Cleveland, Inc., 316 F.3d 822, 825 (9th Cir. 2002). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

We may affirm on any ground supported by the record, regardless of whether the bankruptcy court relied upon, rejected or even considered that ground. Fresno Motors, LLC v. Mercedes Benz USA, LLC, 771 F.3d 1119, 1125 (9th Cir. 2014).

## V. DISCUSSION

**A. The bankruptcy court's ruling**

The bankruptcy court determined that Debtor's adversary proceeding, which consisted entirely of state law claims, was not a "core" proceeding because the claims did not "arise under" title 11 or "arise in" a case under title 11; the lawsuit could exist independently of Debtor's bankruptcy case. The court further determined that it also lacked non-core "related to"

-7-

Case: 16-05015    Doc# 39    Filed: 05/31/17    Entered: 07/03/17 17:37:46    Page 7 of 13

jurisdiction. Because the trustee had filed a no-asset report, which the court construed as an abandonment of the claims to Debtor, the court reasoned that resolution of Debtor's lawsuit had no conceivable effect on the administration of the estate. Alternatively, the court determined that even if it had jurisdiction, it was permissively abstaining from hearing the case, citing the factors in Christiansen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.), 912 F.2d 1162, 1167 (9th Cir. 1990). These rulings were erroneous.

Even though Debtor's bankruptcy case had been dismissed in May 2016, the bankruptcy court had, at minimum, "related to" jurisdiction over the state law claims against Defendants when she filed her complaint in February 2016. See In re Casamont Inv'rs, Ltd., 196 B.R. at 521 ("Jurisdiction is determined as of the commencement of the action."); Charov v. Bank of N.Y. Mellon, 2016 WL 7406306, at *4 (9th Cir. BAP Dec. 20, 2016). Moreover, as we explain below, the trustee did not abandon the claims via the no-asset report and nothing in the record indicates that she ever considered whether Debtor's claims had any value to the estate. Therefore, resolving these claims could have had some effect on the administration of the estate, at least prior to the dismissal of Debtor's case. See Seymour v. Bank of Am., N.A. (In re Seymour), 2013 WL 1736471, at *4 n.9 (9th Cir. BAP Apr. 13, 2013).

**B.  Debtor lacked prudential standing to prosecute the claims against Defendants.**

"A federal court may exercise jurisdiction over a litigant only when that litigant meets constitutional and prudential

-8-

standing requirements." Veal v. Am. Home Mortg. Servicing, Inc. (In re Veal), 450 B.R. 897, 906 (9th Cir. BAP 2010) (citing Elk Grove Unified Sch. Dist. v. Newdow, 542 U.S. 1, 11 (2004)). "Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" Id. (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975)). Debtor appears to have met the minimal standard for constitutional standing — i.e., injury in fact, causation and redressability. See United Food & Comm'l Workers Union Local 751 v. Brown Grp., Inc., 517 U.S. 544, 551 (1996). She alleged injury by irregular lending practices and an improper foreclosure proceeding. Her claim for relief of quiet title would have remedied her alleged injuries.

However, Debtor failed to demonstrate that she was asserting her own legal rights and not those belonging to others. In re Veal, 450 B.R. at 907 (citing Sprint Commc'ns Co. v. APCC Servs., Inc., 554 U.S. 269, 289-90 (2008)) (plaintiff must assert his or her own legal rights and interests and not the legal rights or interests of third parties). In other words, Debtor failed to demonstrate prudential standing.[6]

---

[6] Another aspect of the prudential standing doctrine is bankruptcy appellate standing, which requires an appellant to show that he or she has been "directly and adversely affected pecuniarily" by the bankruptcy court's decision. See In re Palmdale Hills Prop., LLC, 654 F.3d at 874. The appellant must show that the order on appeal diminished its property, increased its burdens, or detrimentally affected its rights. See Fondiller v. Robertson (In re Fondiller), 707 F.2d 441, 442 (9th Cir. 1983). Debtor's potential residual interest in the estate's assets appears sufficient to establish that she was a "person aggrieved" by the bankruptcy court's dismissal order. Therefore, we will not dispose of this appeal on bankruptcy appellate
(continued...)

Case: 16-05015　Doc# 39　Filed: 05/31/17　Entered: 07/03/17 17:37:46　Page 9 of 13

When Debtor filed her chapter 7 case, her legal and equitable interests in all property she owned at the time became property of her bankruptcy estate (with exceptions not relevant here), including prepetition causes of action. See § 541(a)(1); Sierra Switchboard Co. v. Westinghouse Elec. Corp., 789 F.2d 705, 707-09 (9th Cir. 1986). Because the events giving rise to Debtor's claims against Defendants occurred before her chapter 7 filing, these claims became property of the estate when Debtor filed her petition. This is true whether or not she scheduled the claims. Cusano v. Klein, 264 F.3d 936, 945-46 (9th Cir. 2001) (an unscheduled asset continues to belong to estate and does not revert back to debtor when case closes); Edwards v. Wells Fargo Bank (In re Edwards), 2011 WL 4485560, at *4 (9th Cir. BAP Aug. 26, 2011) (same).

The Bankruptcy Code designates the trustee as the estate's representative and authorizes him or her to sue and be sued in that capacity. See § 323(a); Spirtos v. One San Bernardino Cnty. Super. Ct. Case, 443 F.3d 1172, 1175 (9th Cir. 2006). Thus, generally speaking, only the trustee has standing to prosecute any cause of action that is estate property. Spirtos, 442 F.3d 1175-76 (as the representative of the bankruptcy estate, the trustee is the proper party in interest and the only party with standing to prosecute causes of action belonging to the estate). Therefore, Debtor did not have the right to file the adversary proceeding. That right belonged to the trustee.

---

[6](...continued)
standing grounds.

-10-

There were two ways in which Debtor could have gained control over the claims against Defendants while in bankruptcy: (1) exempt the claims on her Schedule C without objection; or (2) the trustee's abandonment of the claims. See § 522(l); § 554(a)-(c). However, for either of these options, Debtor had to schedule the claims as an asset in her bankruptcy case. Even if one considers the amended Schedule A/B as timely, which we do not, Debtor failed to file an amended Schedule C asserting an exemption in the claims. That leaves abandonment.

Abandonment in a bankruptcy case occurs in two ways: (1) after notice and a hearing on request by the trustee or ordered by the court, property may be abandoned that is "burdensome" or of "inconsequential value and benefit to the estate" (§ 554(a), (b)); or (2) any property which has been scheduled, but which has not been administered by the trustee at the time of closing of a case, is abandoned by operation of law (§ 554(c)). Clearly, the first method of abandonment did not occur here. The trustee did not request that the claims be, nor did the bankruptcy court order that the claims were, abandoned. No notice was sent to creditors, and no hearing was held. Contrary to the bankruptcy court's ruling, the trustee's filing of the no-asset report on April 1, 2016 did not constitute a formal abandonment of the claims. Schwaber v. Reed (In re Reed), 940 F.2d 1317, 1321 (9th Cir. 1991) (although filing of no-asset report may exhibit the requisite intent to abandon an asset, that report in and of itself does not result in abandonment).

The second method of abandonment did not happen here either. Debtor's disclosure of a "Quiet Title" action without a value in

-11-

her SOFA was not sufficient to trigger an automatic abandonment by the trustee under § 554(c). Mentioning an asset in the statement of financial affairs is not the same as scheduling it for purposes of abandonment under § 554(c). <u>Orton v. Hoffman (In re Kayne)</u>, 453 B.R. 372, 384 (9th Cir. BAP 2011); <u>In re McCoy</u>, 139 B.R. 430, 431 (Bankr. S.D. Ohio 1991) ("The word 'scheduled' in [§] 554(c) has a specific meaning and refers only to assets listed in a debtor's schedule of assets and liabilities.").

Arguably, Debtor technically filed her amended Schedule A/B disclosing the claims against Defendants on May 17, 2016, just moments before her case was closed. However, she did not file the amendment until after the Final Decree was entered on May 16, 2016. The Final Decree states that the trustee had filed a report of no distribution and had performed all of her duties required in the administration of the estate. Thus, Trustee had administered or abandoned only those assets properly scheduled by Debtor as of May 16, 2016. A trustee cannot administer or abandon an unscheduled asset, even if the trustee knew about the asset. <u>Pace v. Battley (In re Pace)</u>, 146 B.R. 562, 564-66 (9th Cir. BAP 1992), <u>aff'd</u>, 17 F.3d 395 (9th Cir. 1994) (unless formally scheduled, property is not abandoned at the close of the case, even if the trustee had knowledge of the asset). And nothing in the record shows that the trustee knew of the claims, despite the bankruptcy court's assumption to the contrary. Thus, because the trustee did not administer or abandon the claims, they remained property of the estate. § 554(d); <u>Lopez v. Specialty Rests. Corp. (In re Lopez)</u>, 283 B.R. 22, 28 (9th Cir. BAP 2002). Accordingly, Debtor lacked prudential standing to prosecute them.

-12-

Case: 16-05015   Doc# 39   Filed: 05/31/17   Entered: 07/03/17 17:37:46   Page 12 of 13

Debtor's untimely amendment was too little too late. Even if the trustee learned of the claims the moment Debtor disclosed them on May 17, 2016, this failed to give her (or creditors) sufficient notice to make an intelligent decision about whether they should be administered or abandoned, which is the purpose of scheduling. In re Kayne, 453 B.R. at 384.

## VI. CONCLUSION

Although the bankruptcy court erred in dismissing Debtor's adversary proceeding for the reasons it stated, such error was harmless because Debtor lacked prudential standing to prosecute what constituted estate claims against Defendants. Accordingly, we AFFIRM.[7]

---

[7] To the extent Debtor argues the bankruptcy court erred by closing her bankruptcy case, that issue is not properly before us. Debtor's case was closed on May 17, 2016. She did not file a timely appeal of that order. Rule 8002(a).

Case: 16-05015   Doc# 39   Filed: 05/31/17   Entered: 07/03/17 17:37:46   Page 13 of 13